## Ryan v. Board of School Directors of
## Lower Dauphin School District

*Gerald E. Ruth,* for appellants.

*Thomas D. Caldwell,* for Board of School Directors.

LIPSITT, J., May 28, 1974.—Central to this controversy is the right of a public school teacher to tenure. The statutory law appears clear enough. All temporary professional employes in Pennsylvania are rated by the district superintendents twice a year pursuant to sections 1108 and 1123 of the Public School Code of 1949, ("code"), Act of March 10, 1949, P. L. 30, art. XI, as amended, 24 PS §§11-1108 and 1123. Nontenured teachers remain in that status for a period of two years, during which they are rated four times. The code (section 1108) provides that if the fourth rating is a satisfactory one, the party involved shall thereafter be a "professional employe."

The main issue in this litigation became snarled when the local school board rendered a decision, after extended hearings, which enabled the appellants to continue their employment notwithstanding an unsatisfactory fourth rating by the district superintendent and his recommendation to terminate the employment. The teachers have appealed from the decision and further have raised several corollary questions, including charges by the teachers of discrimination because they were officers of a professional association, of violations of constitutional rights to due process in the evaluation of their performances and in the manner the hearings were conducted.

The posture of the case adds to the difficulty in making a final disposition. It comes before the court on "Appeal and Exceptions from the Adjudication of the

Board of School Directors of Lower Dauphin School District and Exceptions" to which a "Motion to Quash Appeal" has been filed. The arguments were heard before the court en banc on the motion to quash. The school district contends there is nothing justiciable, because the teachers have waived any objection to the ratings by signing temporary professional employe contracts for an additional one-year period, the school board was not legally authorized to reverse the ratings and the teachers as recipients of an award in their favor have no right to appeal.

The record discloses that appellants, Lorraine D. Ryan and William T. Staman, were employed by the appellee, Board of School Directors of Lower Dauphin School District, as temporary professional employes for the 1971-72 and 1972-73 school years. Both persons received satisfactory ratings from the superintendent of schools for the 1971-72 school year and in January 1973 for the fall session of the 1972-73 school year. The unsatisfactory ratings covered the second period of the 1972-73 year. On April 4, 1973, Lorraine D. Ryan had been elected President and William T. Staman, Vice President, of the Lower Dauphin Education Association, a branch of the Pennsylvania State Education Association, which was the teachers bargaining unit. Hearings were held by the school board during the summer and fall of 1973 on the question of the recommendation of the superintendent not to rehire appellants. The school board on October 1, 1973, decided as to both appellants that (1) the unsatisfactory ratings of June 1973 were made in good faith, and (2) the deficiencies upon which the ratings were based could be overcome. The school board then tendered to both teachers a nontenured temporary professional employe's contract for the 1973-74 school year.

If this recital of the facts and the legal questions do not create an impossible entanglement, the ensuing events certainly bring about a legal quagmire. Counsel for appellants in argument before the court seems to object to the treatment by the school administration subsequent to the school board's decision of October 1973 and indeed in a letter dated November 1, 1973 to the solicitor for the school board stated: "[o]riginally it appeared *the decision of the Lower Dauphin School District may have been a reasonable and acceptable one,* however, unfortunately it has become clear by the sequestration of Lorraine Ryan and William Staman and the extra workloads imposed upon them. . . that the Administration is continuing with their prior practices and is not inclined to proceed to accept the School Board's decision in good faith. Therefore, Lorraine Ryan and William Staman have had no alternative but to appeal the decision . . . ." (Italics supplied.)

Equally puzzling is the position of the counsel for appellee. He acknowledges, presumably correctly, in his argument that "[i]f the Board decides to retain the teacher after a second-year unsatisfactory rating, the third-year contract is a nontenured one, but the teacher automatically becomes entitled to tenure upon receipt of the next subsequent satisfactory rating." Nevertheless, their tenured classification is disputed even though in February of 1974 both teachers received satisfactory ratings. On the official State form which provides for a "final rating," the word final is crossed out and the word preliminary is inserted. There is no provision in the code, called to our attention, which permits this procedure. The school district now says Mr. Staman may be entitled to tenure but he agreed to temporary professional status for

a period of one year and this contract should be honored. As to Lorraine D. Ryan, the district has raised, independently of this case, the question of whether she is entitled to a tenured contract as her teaching has been in a field in which she is not certified.

Under the circumstances which prevail here, this court could not possibly render a determination which would require consideration of the propriety and sufficiency of the school board's decision. Some aspects of this litigation may now be moot. In any event, this court should be brought up-to-date on this standing of the two teachers and only the exact questions which must be settled should be presented to the court. The appeal should not be quashed, but the court should not be made to examine and research facts and legal points which may no longer be pertinent.

Accordingly, we enter the following

## ORDER

And now, May 28, 1974, this case is remanded to the Board of School Directors of Lower Dauphin School District for review of the professional status of Lorraine D. Ryan and William T. Staman as of the close of the school year 1973-74. If either Lorraine D. Ryan or William T. Staman is not accorded tenure, the board shall make its findings and set forth its reasons in accordance with the Local Agency Law, Act of December 2, 1968, P. L. 1133, sec. 6, 53 PS §11306. The matters, still at issue, may then be resubmitted to the court.